IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRISTINA ERIN PRATER,

    Plaintiff,

vs.                                                    1:21-cv-0086-GRJ

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

      This matter is before the Court on ECF No. 21, a document entitled "Plead to Allow the Case to Stay Open/Reopen if Closed, for New Memorandum to be Filed and Judge to Reconsider Decision Due to Extreme Special Circumstances," and Plaintiff's Revised Memorandum, ECF No. 21, which together the Court interprets as a motion for reconsideration. The Commissioner has filed a response, ECF No. 24, and the motion is therefore ripe for review. For the reasons discussed below Plaintiff's motion is due to be denied.

## DISCUSSION

On July 21, 2022, the Court entered a final order affirming the decision of the Acting Commissioner of Social Security ("Commissioner"), which denied Plaintiff's application for disability insurance benefits and supplemental income under the Social Security Act. ECF No. 19. On the same date the Clerk entered final judgment. ECF No. 20.

Plaintiff has filed a motion for reconsideration, which the Court construes as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[1] The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed. 1995).  Unless the court has misapprehended some material fact or point of law, such a motion is not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected. *In re Sun Pipe Line Co.,* 831 F. 2d 22, 24-25 (1st Cir. 1987).   "The

---

[1] A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 25(e). Plaintiff filed the motion on August 15, 2022, so the motion is timely. Plaintiff's memorandum, however, was filed on August 22, 2022, outside of the 28-day period for filing a motion to alter or amend judgment so the memorandum is not timely. But even if the Court considers the memorandum as a supplement to the motion and therefore timely the arguments presented in the memorandum do not demonstrate that there is new and material evidence that has become available that would change the outcome.

only grounds for granting [a Rule 59] motion are newly-discovered evidence (not previously available) or manifest errors of law or fact." *In re Kellog,* 197 F. 3d 1116, 1119 (11th Cir. 1999); *Smith v. Ocwen Financial*, 488 F. App'x 426, 428 (11th Cir. 2012). Motions under Rule 59, however, cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment. *Michael Linet v Village of Wellington,* 408 F. 2d 757, 763 (11th Cir. 2005).

Here, Plaintiff has shown no change in controlling law, that new material evidence became available, or manifest injustice would occur.

In its decision the Court concluded that Plaintiff had abandoned her issues on appeal because Plaintiff did not offer any argument or cite any authority in support of her position. Instead, Plaintiff simply argued that she met or medically equaled the severity of one or more of the listed impairments. Plaintiff said that she met two mental disorder listings because she had marked limitations. And Plaintiff, without articulating her position, challenged the ALJ's residual functional capacity findings and the ALJ's step five finding that she could perform other work.

Importantly, even though the Court found that Plaintiff had abandoned her issues, the Court nonetheless addressed Plaintiff's claims

on the merits, finding that even if Plaintiff had not abandoned her issues on appeal, the Commissioner's decision should be affirmed because she failed to prove that she met or equaled a listing and because the ALJ's symptoms assessment and step-five findings were supported by substantial evidence.

In her motion for reconsideration, Plaintiff points to several new medical conditions, including COVID 19, cancer and surgery, all of which occurred after Plaintiff submitted her January 2022 brief and all of which occurred more than a year after the ALJ's decision in October 2021. Plaintiff says that she did not understand what she was required to present in her brief and that during the time she was required to submit her brief she contracted COVID.

The fundamental problem with Plaintiff's motion is that the issue before the Court in this case is whether substantial evidence supports the ALJ's October 2021 decision that Plaintiff was not disabled. The issue is *not* whether Plaintiff is disabled now.

Plaintiff has submitted a medical record and X-rays dated September 20, 2018, showing bilateral "early osteoarthritis" and "mild bilateral joint space narrowing" in her knees. ECF No. 21-1, at 1, 3. While this information is relevant to the ALJ's decision making, the mere fact that

Plaintiff has been diagnosed with a condition does not establish the degree, if any, of limitations from those conditions. Indeed, the ALJ found in his decision that Plaintiff had osteoarthritis of the left knee and accounted for this by limiting Plaintiff to sedentary work with a sit/stand option. Thus, the medical records and X-ray Plaintiff submitted are not new evidence that is material because these records fail to meet Plaintiff's burden of showing that the osteoarthritis in her right knee causes greater functional limitations than those accounted for in the ALJ's RFC finding.

Plaintiff also attached to her motion the MRI findings. These records, however, are already in the record and were considered by the ALJ so these records do not constitute new material evidence.

Additionally, Plaintiff attaches to her motion medical records from May to July 2022, which concern the diagnosis and treatment of recent thyroid cancer. Again, the problem with Plaintiff's argument is that Plaintiff was not diagnosed with thyroid cancer until 2022 and therefore the records have no bearing on whether she was disabled at the time of the ALJ's decision.

Lastly, Plaintiff suggests in her memorandum that records were missing from the certified administrative record. But the certified

administrative record was filed on November 8, 2021. Plaintiff fails to explain why she was unable to review the record prior to August 2022 nor does she point to any records that were not in the administrative record that would have changed the Commissioner's decision in this case. In short, the records Plaintiff says are additional are not new and do not constitute sufficient new material evidence to support a motion for reconsideration.

A motion for reconsideration is not to be used to argue issues that should have been presented initially, *Parker v. Esper,* case no. 3:19-cv-126, 2020 WL 4480739, at * 1 (N.D. Fla. Aug. 4, 2020), and should not be used simply to ask a court to reexamine an unfavorable ruling. *See, Jacobs v. Tempur-Pedic Int'l., Inc.,* 626 F. 3d 1327, 1344 (11th Cir. 2010). That is what the Plaintiff has done here. The Court already has fully addressed the ALJ's decision and determined that the Commissioner's decision was supported by substantial evidence. Plaintiff, therefore, has failed to establish that new material evidence only recently became available that would change the result in this case.

Accordingly, for these reasons, it is **ORDERED:**

1. Plaintiff's Motion for Reconsideration, ECF No. 21, is **DENIED**.

2. The Clerk is directed to close this file.

**DONE AND ORDERED** this 19th day of September 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge